**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | Case No.: 2:11-cr-00442-GMN-GWF-1 |
| vs. ) | |
| ) | **ORDER** |
| ERIC TYRONE JACKSON, ) | |
| ) | |
| Petitioner/Defendant. ) | |
| ) | |

Pending before the Court is Petitioner Eric Tyrone Jackson's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion"), (ECF Nos. 268, 286). The Government filed a Response, (ECF No. 293), and Petitioner filed a Reply, (ECF No. 295). For the reasons discussed below, Petitioner's 2255 Motion is **DENIED**.

**I.**   **BACKGROUND**

On November 5, 2012, Petitioner pleaded guilty to Counts 3 and 4 of the Superseding Indictment: Armed Bank Robbery under 18 U.S.C. § 2113(a) and (d); and Using and Carrying a Firearm under 18 U.S.C. § 924(c). (Mins. Proceedings, ECF No. 68); (J., ECF No. 100). The Court sentenced Petitioner to 20 months' custody for Count 3, and 84 months' custody for Count 4, to run consecutively to one another, for a total of 104 months. (J., ECF No. 100).

On June 24, 2016, Petitioner filed an Abridged 2255 Motion, (ECF No. 268), followed by a comprehensive 2255 Motion, (ECF No. 286), on December 15, 2016, requesting relief based on the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).

///

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

## III. DISCUSSION

Petitioner argues that his sentence for Count 4 of the Superseding Indictment for Using and Carrying a Firearm arose under an unconstitutionally vague provision of 18 U.S.C. § 924(c). (2255 Motion at 3:2–8, ECF No. 286). Title 18 United States Code Section 924(c) criminalizes the use or carrying of a firearm in relation to a "crime of violence," and it imposes mandatory minimum sentences that must run consecutive to any other sentence. An offense may qualify as a crime of violence under § 924(c) through either of two clauses: § 924(c)(3)(A) or § 924(c)(3)(B). Section 924(c)(3)(A), also known as the statute's "force clause," applies if an individual is convicted of a predicate crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." By contrast, § 924(c)(3)(B), known as the "residual clause" of the statute, is much broader; it applies if the individual is convicted of any predicate felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The U.S. Supreme Court recently invalidated § 924(c)(3)(B) after

holding that its language is unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2335–36 (2019). However, the force clause, § 924(c)(3)(A), has not been deemed unconstitutional.

Here, Petitioner argues that his sentence based on Count 4 of the Indictment violates due process because the Court imposed it under the unconstitutionally vague residual clause, 18 U.S.C. § 924(c)(3)(B). (*See* 2255 Motion 7:18–8:8). To make that argument, Petitioner points to his predicate offense of Armed Bank Robbery in violation of 18 U.S.C. § 2113. (*Id.* 13:1–19:16). He claims that Armed Bank Robbery is not a crime of violence by its elements, and thus his sentence enhancement for that predicate crime under Section 924(c) must have arisen from the unconstitutional residual clause. (*See id.* 19:12–16). The Ninth Circuit in *United States v. Watson*, 881 F.3d 782 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018), rejected the same arguments made by Petitioner when it held that federal armed bank robbery constitutes a crime of violence by its elements. 881 F.3d at 786. Petitioner's conviction for Armed Bank Robbery therefore implicates the force clause, 18 U.S.C. § 924(c)(3)(A), not the unconstitutional residual clause—rendering Petitioner ineligible for relief on the grounds argued in his 2255 Motion. Accordingly, the Court will deny Petitioner's 2255 Motion, (ECF Nos. 268, 286).

To proceed with an appeal of this Order, Petitioner must receive a certificate of appealability from the Court. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. The Court will therefore deny Petitioner a certificate of appealability.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, (ECF Nos. 268, 286), is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**DATED** this __18__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court