# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cr-00442-GMN-GWF-1 |
| vs. ) | |
| ) | **RECOMMENDATION TO THE** |
| ERIC TYRONE JACKSON, ) | **BUREAU OF PRISONS** |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is a Letter, (ECF No. 381), filed by Defendant Eric Tyrone Jackson ("Defendant"). The Letter requests that the Court issue a recommendation to the Bureau of Prisons ("BOP") that Defendant's state and federal sentences be run concurrently. (*See generally* Letter, ECF No. 381). On September 9, 2020, this Court entered a Minute Order directing the Government and Defendant's counsel to file briefs addressing the concurrency of Defendant's federal sentence and later-imposed state sentence. (Min. Order, ECF No. 382). The Government, Defendant's counsel, and Defendant, *pro se*, each filed Responses to the Minute Order. (*See* Responses, ECF Nos. 384–86). For the reasons discussed below, the Court **GRANTS** Defendant's request for recommendation to the Bureau of Prisons.

On May 16, 2013, this Court sentenced Defendant to 104-months custody following his guilty plea to one count of Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of Brandishing a Firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*See* Superseding Indictment, ECF No. 45); (Mins. Proceedings, Change of Plea, ECF No. 68); (Mins. Proceedings, Sentencing and Disposition, ECF No. 98); (J., ECF No. 100). Defendant was ordered to serve 20-months custody on the Armed Bank Robbery count to run consecutively to 84-months custody on the Brandishing a Firearm count. (*See* J. at 2). After

1  being sentenced by this Court, Defendant was returned to state custody to be tried on one count
2  of home invasion and three counts of robbery with a deadly weapon. (*See* PSR ¶¶ 32–35).
3  Defendant began his incarceration in state custody and now requests that he receive credit for
4  time served in state custody toward his federal sentence. (Letter at 1–2).

5       Federal judges generally have the authority to order a federal sentence to run either
6  consecutively or concurrently with any other sentence. *See* 18 U.S.C. § 3584.  However, the
7  sentencing judge's power to order sentences to run concurrently only applies to sentences
8  already imposed; courts may not order concurrency of a federal sentence with a not-yet-existing
9  state sentence. *See Taylor v. Sawyer*, 284 F.3d 1143 (9th Cir. 2002).  After sentencing, the
10  federal Bureau of Prisons retains exclusive jurisdiction to alter the computation for time a
11  defendant has served toward his federal sentence and to designate the facility at which a
12  defendant serves in custody. *See* 18 U.S.C. § 3585(b); 18 U.S.C. § 3621(b); *see also United*
13  *States v. Wilson*, 503 U.S. 329, 335 (1992).  However, the sentencing court may recommend
14  that the Bureau of Prisons grant a *nunc pro tunc* designation for the defendant to serve his
15  federal sentence in a state facility when the designation "is consistent with the intent of the
16  federal sentencing court or with the goals of the criminal justice system." *See* BOP Policy
17  Statement 5160.05(3)(a) and 5160.05(9); *see also Taylor*, 284 F.3d at 1148–49.

18       As an initial matter, the Court notes that only Defendant's 20-month armed bank
19  robbery sentence may be run concurrently to Defendant's state sentence because the sentence
20  for brandishing a firearm must be run consecutively to all other sentences. *See* 18 U.S.C. §
21  924(c)(1)(D) (prohibiting sentences imposed under 18 U.S.C. § 924(c) from running
22  concurrently with any other sentence); *United States v. Gonzales*, 520 U.S. 1, 11 (1997)
23  (clarifying that the prohibition includes concurrency between state sentences and federal
24  sentences imposed under § 924(c)).  However, it is the intent of the Court that Defendant's
25  armed bank robbery conviction be run concurrently with Defendant's state sentence.

Defendant received his federal sentence at a young age, his armed bank robbery conviction is similar to the conduct for which he was sentenced in state court, and the Court would have ordered the state sentence to run concurrently with the federal armed bank robbery sentence had the state sentence first been imposed. The recommendation is consistent with Defendant's state court Judgment of Conviction, which has been amended to enable concurrent federal and state sentences. (*See* Am. State J., Ex. 2 to Letter 2:20–23, ECF No. 381) ("THEREAFTER, on the 15th day of April, 2014, pursuant to Status Check: Judgment of Conviction, COURT ORDERED the Second Amended Judgment of Conviction to reflect **CONCURRENCT with Federal Time and not CONSECUTIVE to Federal Time**") (emphasis original).

Accordingly,

**IT IS HEREBY ORDERED** that the Court **RECOMMENDS** the BOP grant Defendant a *nunc pro tunc* designation to serve his armed bank robbery conviction in a state facility.

**IT IS FURTHER ORDERED** that the Government shall provide a copy of this Order to the administrators within the BOP who are empowered to grant Defendant the recommended *nunc pro tunc* designation.

Dated this __3__ day of November, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT