UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No.: 2:11-cr-00442-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| ERIC TYRONE JACKSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion for Reconsideration, (ECF No. 441), filed by Defendant Eric Tyrone Jackson ("Defendant"). The Government filed a Response, (ECF No. 449), to which Defendant filed a Reply, (ECF No. 451).

Further pending before the Court is the Motion to Attach Emergency Supplement to the Motion for Reconsideration, (ECF No. 463), to which the Government did not file a Response.

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Reconsideration and **GRANTS** *nunc pro tunc* Defendant's Motion to Attach Emergency Supplement to the Motion for Reconsideration.

**I.      BACKGROUND**

The Court incorporates the background information and procedural history of this case from its previous Order denying Defendant's Motion for Compassionate Release. (*See* Order 2:4–17, ECF No. 436). After the Court entered its Order, Defendant filed an appeal to the Ninth Circuit Court of Appeals, (*see* Notice Appeal, ECF No. 438), but then filed the instant Motion for Reconsideration and withdrew his appeal. (*See generally* Mot. Reconsideration, ECF No. 441); (Mot. Withdraw Notice Appeal, ECF No. 443). The Court discusses Defendant's Motion for Reconsideration below.

## II. LEGAL STANDARD

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, "numerous circuit courts have held that motions for reconsideration may be filed in criminal cases." *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007) (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000), for the proposition that "post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed. R. Civ. P. 59(e)"); *see also United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases," controlled by Fed. R. Civ. P. 59 and 60).

A Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).

## III. DISCUSSION

Defendant seeks reconsideration of this Court's Order denying his Motion for Compassionate Release for failing to demonstrate extraordinary and compelling reasons exist for the relief requested. (*See generally* Mot. Reconsideration). In his Motion for Reconsideration, Defendant cites neither Rule 59 nor Rule 60. (*See id.*). Regardless, Defendant

requests the Court to reconsider its denial for six reasons: (1) the waning effectiveness of his COVID-19 vaccine, (*id.* at 2–6); (2) his worsening asthma condition due to wearing masks, (*id.* at 6–9); (3) the heightened risk of contracting COVID-19 by transferring to a new prison facility, (*id.* at 9–10); (4) being subjected to cruel and unusual punishment by being in solitary confinement during the pandemic, (*id.* at 10–14); (5) his young age at the time of his offense, (*id.* at 14–15); and (6) being rehabilitated during incarceration, (*id.* at 15–16).

A motion for reconsideration must set forth: (1) some valid reason why the court should revisit its prior order; and (2) "facts or law of a strongly convincing nature" to induce the Court to reverse itself. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotations omitted). "Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." LR 59-1.

Here, the facts Defendant offers do not induce the Court to reconsider its Order. The Court considered the decreased effectiveness of Defendant's Johnson & Johnson vaccine when he informed the Court of it in a supplemental brief. (*See generally* Second Suppl. Reply Govt.'s Opp. Mot. Comp. Rel., ECF No. 433). Further, Defendant offers no evidence indicating he is at higher risk of contracting COVID-19 due to the possible waning effectiveness of his COVID-19 vaccine. He contends he may contract the disease during his transfer away from FCI Otisville, but this only serves as conjecture. (*See* Mot. Reconsideration at 9–10). He has not demonstrated that COVID-19 has taken hold in the facilities or means of transportation he will occupy. (*See id.*) As such, the Court finds that Defendant does not offer "reliable evidence to show he faces an elevated personal risk" of contracting COVID-19. *See United States v.*

*Machado*, No. 2:15-cr-00224-KJM, 2022 WL 1693023, at *3 (E.D. Cal. May 26, 2022) (finding extraordinary and compelling reasons did not exist where a defendant arguing that vaccine efficacy wanes over time because he did not offer "reliable evidence to show he faces an elevated personal risk"). Thus, Defendant does not demonstrate facts "of a strongly convincing nature to induce the Court to reverse itself." *Frasure*, 256 F.Supp.2d at 1183.

Similarly, the Court previously considered Defendant's arguments regarding his asthma, being subjected to cruel and unusual punishment, the age when he committed the underlying offense, and his rehabilitation. Defendant does not provide facts the Court did not already consider. As such, the Court will not address these arguments. LR 59-1(b) ("A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts.").

Moreover, Defendant fails to provide any applicable reason under Rule 60(b)(1) for this Court to reconsider its prior Order. Defendant does not complain of a clerical error, nor does he present evidence of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief from the judgment. *See Stewart*, 243 F.3d at 549. Given that the Defendant does not provide any applicable reason for this Court to reconsider its prior Order, this Court finds no reason to reconsider its prior Order denying his Motion for Compassionate Release.

///
///
///
///
///
///
///

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion for Reconsideration, (ECF No. 441), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Attach Emergency Supplement to the Motion for Reconsideration, (ECF No. 463), is **GRANTED *nunc pro tunc***.[1]

**DATED** this __21__ day of June, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1] Defendant requests the Court to attach his recent filings to the Motion for Reconsideration. (*See generally* Mot. Attach Emergency Suppl. Mot. Reconsideration, ECF No. 463). The Court has considered all the motions and underlying documentation in its above analysis.