# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

United States of America,

        Plaintiff(s),

vs.

Eric Tyrone Jackson,

        Defendant(s).

**2:11-cr-00442-GMN**

**Order Requiring Defendant To Undergo Competency Evaluation**

During the defendant's January 6, 2026, initial appearance on Petition for Supervised Release Violation the Court heard the government's oral motion for Competency Evaluation. The Court also considered the record of this case, including concerns regarding defendant's mental health expressed by the Probation Office, and the concerns expressed by the US Marshal, including an individualized written restraint request ("Request") by the US Marshal, stating in particular the following prior conduct: defendant was noncompliant and assaulted US Marshal officers during intake; defendant's erratic behavior in cellblock while awaiting hearing, including removing his clothes and putting them in the toilet. Based on the foregoing, the Court finds there is reasonable cause to believe that the defendant may be incompetent.

"When questions first arise regarding competency, the court must order a hearing if there is reasonable cause to believe that the defendant may presently be incompetent to stand trial." *United States v. Quintero*, 995 F.3d 1044, 1055 (9th Cir. 2021)(internal quotations omitted)(quoting 18 U.S.C. § 4241(a)).

ACCORDINGLY,

**IT IS ORDERED that,** in accordance with 18 U.S.C. §§ 4241, 4242, and 4247 and under the Court's inherent powers, the defendant shall be forthwith transported to the closest Federal Bureau of Prisons (BOP) facility that conducts psychological evaluations for an examination to determine:

a.  Whether defendant currently suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings filed against him or assist an attorney in his own defense.

**IT IS FURTHER ORDERED** that said examination shall be in accordance with Title 18, United States Code, Sections 4241 and 4247.

**IT IS FURTHER ORDERED** that defendant shall be held in said facility for a reasonable period of time, not to exceed 45 days, unless extended by further order of the Court up on showing of good cause by the Director of said facility or pursuant to other appropriate motion for a period of time up to 30 days.

**IT IS FURTHER ORDERED** that within 45 days from the date of entry of the Order, the Director of said facility at which the examination has been conducted, shall prepare, or cause to be prepared, a psychiatric or psychological report ("Report") of the defendant, and that the Director shall send copies of such psychiatric or psychological report to the Clerk of the United States Court for the District of Nevada; to Steven Rose and Robert Knief, Assistant United States Attorneys; and to Lisa Brunner and the Federal Public Defender's office, counsel for defendant,

**IT IS FURTHER ORDERED** that following the defendant's examination, he shall be forthwith transported back to the District of Nevada.

**IT IS FURTHER ORDERED** that the said Report prepared pursuant to this Order shall include:

a.  Defendant's history and present symptoms;

b.  A description of the psychiatric, psychological, or medical tests that were employed and their results;

c.  The examiner's findings;

d.  The examiner's opinions as to diagnosis, prognosis;

e.  The examiner's opinions as to whether the defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to

understand the nature and consequences of the proceedings filed against him or assist his attorney in his own defense. Thus, rendering him incompetent to assist in his defense or stand trial at this time.

DATED: January 6, 2026.

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge