**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

Plaintiff(s),

vs.

Eric Tyrone Jackson,

Defendant(s).

**2:11-cr-00442-GMN-MDC**

**Order Requiring Attorney General To Complete Competency Evaluation Of Defendant By March 10, 2026**

For the reasons set forth below, the Court orders that the competency evaluation of defendant Eric Tyrone Jackson shall be completed by no later than **March 10, 2026**.  The Attorney General may comply by completing such competence evaluation by (1) transferring defendant to any first available Federal Bureau of Prisons (BOP) facility that conducts psychological evaluations; (2) transferring defendant to any "State, a political subdivision, a locality, or a private agency" that may complete defendant's competency evaluation; or (3) arrange for a licensed or certified psychiatrist or psychologist (whether employee of BOP or private contractor hired by BOP) to conduct defendant's competency evaluation at the facility where defendant is currently detained.

## I.      DISCUSSION

On May 16, 2013, defendant was sentenced to an aggregate sentence of 104 months, followed by 5 years of supervised release. *ECF Nos. 98, 100*. On February 1, 2024, this Court granted defendant's motion for compassionate release. *ECF No. 507*. On February 29, 2024, the Court lifted its own stay, imposed to ensure United States Probation could form a release plan, and ordered defendant released. *ECF No. 513*. Defendant began his supervision on  March 1, 2024, and was supervised in the District of Kansas. *ECF No. 515 at 1*. This Court granted the request to transfer jurisdiction to the District of Kansas on August 25, 2025. *ECF No. 516*. On October 6, 2025, the United States Probation Office for the District of Nevada filed a petition for a warrant for the defendant. *ECF No. 519*. The allegations

included defendant's improper travel to Texas. *Id*. On October 22, 2025, defendant appeared by videoconference for an initial appearance on the petition. *ECF No. 522*. At the time, defendant was represented by counsel. *Id*. The court allowed defendant to remain at liberty but added conditions of release that included attending an evaluation for mental health and drug treatment and following the recommendations that came from either evaluation. *Id*. On January 6, 2026, defendant made an appearance in the District of Nevada. *ECF No. 537*.

At that hearing, this Court ordered defendant to undergo an evaluation regarding his competency. *Id.; ECF No. 539*. After the hearing, defendant moved to dismiss counsel and represent himself. *ECF No. 541*. The Court noted that because defendant was ordered to undergo a competency evaluation a canvass per *Faretta v. California*, 422 U.S. 806 (1975), was impossible, but to address defendant's concerns, the Court dismissed one particular Deputy Federal Public Defender and ordered appointment of alternate counsel. *ECF No. 542*. Alternate counsel was appointed the following day. *ECF No. 543*. Due to delay in transferring defendant to his competency evaluation, this Court issued a Minute Order on January 21, 2026, directing briefing regarding two questions: (1) whether the time between the Court's order directing competency evaluation and transportation to the facility for such evaluation is counted against the timelines directed by 18 U.S.C. § 4247(b); and (2) if it is not, the appropriate remedies available to the Court. *ECF No. 556*. While the Court is informed that the BOP located a facility for defendant's competency evaluation, the defendant has not been transferred to such facility as of the date of this order.

//
//
//
//
//
//

## II.    ANALYSIS

Under 18 U.S.C. § 4247(b) a competency examination pursuant to 18 USC §4241 must be completed within a reasonable period not to exceed thirty days.  *Id.* ("the court may commit the person to be examined for a reasonable period, but not to exceed thirty days … to the custody of the Attorney General for placement in a suitable facility."). As stated above, the Court committed defendant to the custody of the Attorney General for a competency evaluation on January 6, 2026.  *ECF No. 539.*  More than thirty days have passed since the Court ordered such evaluation and defendant has not been evaluated. Defendant has not even been transferred to a facility to be evaluated.

While Section 4247(b) provides that the director of the facility tasked with completing the competency evaluation "may apply for a reasonable extension," the Court has not received such application.  The government has vaguely suggested to the Court that the delay in transferring defendant for his competency evaluation is because the BOP does not have bed space.   The Court, however, has not been presented with any evidence to support that by the government or any BOP facility director.  Section 4247(b) does not provide any language or guidance of when the 30-day temporary commitment period begins or any remedies or consequences when a competency evaluation is not timely be completed.   The government identifies the waiting period for BOP to transfer the defendant to a facility for his competency evaluation as "pre-hospitalization" period (ECF No. 565), similar to a defendant awaiting hospitalization to restore or determine foreseeable competency.  Thus, the government argues such pre-hospitalization period does not count against the 30-day period imposed by Section 4247(b), and that such period does not commence until defendant is transferred to a BOP facility for his competency evaluation.  *See ECF No. 565.*

In *United States v. Donnelly*, 41 F.4th 1102 (9th Cir. 2022), the Ninth Circuit tackled the pre-hospitalization delay of a defendant who was awaiting transfer to a BOP hospital facility for a Section 4241(d)(1) determination "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."  *Donnelly,* 41 F.4th at 1102; § 4241(d)(1).

Section 4241(d)(1) expressly provides that such hospitalization may not exceed four months. *Id.* The Ninth Circuit held that the § 4241(d)(1) four-month time limit applied only to the hospitalization period. *Donnelly,* 41 F.4th at 1105. Both parties agree that *Donnelly* is applicable and instructive here (*see ECF No. 565, 567*) and so does the Court. The remaining concern is determining a time-limit for the "pre-hospitalization" period.

Neither Section 4247(b) nor the analogous Section 4241(d)(1) discuss any "pre-hospitalization" time-limits. Due process, however, prohibits a defendant from indefinite confinement due to competency issues. *Jackson v. Indiana*, 406 U.S. 715, 92 S.Ct. 1845 (1972). "At the least, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Id.,* 406 U.S. at 738. In *Donnelly*, the Ninth Circuit determined that a pre-hospitalization waiting period that is in same duration as the hospitalization period provided by competency statues bears some reasonable relation to the purpose for which the individual is committed:

> We do not think *Jackson*'s "reasonable relation" requirement permits a prehospitalization commitment period, whose purpose is simply to identify an appropriate treatment facility and arrange for the defendant's transportation to that facility, to last longer than the maximum time Congress permitted for the period of hospitalization itself.

*Donnelly, 406 F.4th at 1106.*

In this case defendant has been waiting more than 30 days to be transferred to a BOP facility for his competency evaluation, which is the maximum time permitted by Section 4247(b) for the competency evaluation itself. Applying the analysis in *Donnelly*, the Court finds that defendant's continued pre-hospitalization detention no longer bears some reasonable relation to the purpose of Section 4247(b). Given the waiting for BOP to transfer defendant to a suitable facility, the Court further finds that it has become "impracticable" to limit defendant's competency evaluation to be conducted in a suitable facility closest to the Court. *See* 18 U.S.C. §4247(b)("Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court."). In his *Donnelly* concurrence, Justice Watford further recognized that "Congress anticipated this very problem"

and specifically authorized the Attorney General to "contract with a State, a political subdivision, a locality, or a private agency for the confinement, hospitalization, care, or treatment of, or the provision of services to, a person committed to his custody pursuant to this chapter." *Donnelly,* 406 F.4th at 1109(quoting §4247(i)(A)).

**III.    REMEDIES IMPOSED**

The Court "possesses supervisory authority to order the government to rectify violations of law with remedies shaped to redress the corresponding injury."  *Donnelly,* 406 F.4th at 1107.  Accordingly, the Court orders the government to complete the competency evaluation of defendant Eric Tyrone Jackson by no later than **March 10, 2026**.  The Attorney General may comply complete such competence evaluation by (1) transferring defendant to any first available Federal Bureau of Prisons (BOP) facility that conducts psychological evaluations; (2) transferring defendant to any "State, a political subdivision, a locality, or a private agency" that may complete defendant's competency evaluation; or (3) arrange for a BOP or contracted psychiatrist or psychologist (that is licensed or certified) to conduct defendant's competency evaluation at the facility where defendant is currently detained.

**IV.    CONCLUSION and ORDER**

For the foregoing reasons, the Court finds that the imposed remedial options reasonably balance defendant's liberty and due process rights with the government's obligations.

ACCORDINGLY,

**IT IS ORDERED that,** the Attorney General shall complete the competency evaluation of defendant Eric Tyrone Jackson by no later than **March 10, 2026**.

**IT IS FURTHER ORDERED** that the Attorney General may comply complete such competence valuation by any of the following means:  (1) transferring defendant to any first available Federal Bureau of Prisons (BOP) facility that conducts psychological evaluations; (2) transferring defendant to any "State, a political subdivision, a locality, or a private agency" that may complete

defendant's competency evaluation; or (3) arrange for a BOP or contracted psychiatrist or psychologist (that is licensed or certified) to conduct defendant's competency evaluation at the facility where defendant is currently detained.

**IT IS SO ORDERED.**

Date: February 9, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge