**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

                    Plaintiff,

     vs.

ERIC TYRONE JACKSON, *et al.*

              Defendants.

Case No.: 2:11-cr-00442-GMN-MDC

**ORDER DENYING MOTIONS TO RECUSE**

Pending before the Court are the Motion for Recusal of Judge, (ECF No. 585), Motion to Recuse Magistrate Judge Maximiliano Couvillier III, (ECF No. 586), and Motion for Recusal of Judge, (ECF No. 588), filed by Defendant Eric Tyrone Jackson. The Government did not file a Response.

Motions for recusal are governed by 28 U.S.C. §§ 144 and 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party. 28 U.S.C. §§ 455(a), (b)(1). Bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Here, the basis for all three of Defendant's Motions is Defendant's disagreement with various orders issued by Magistrate Judge Maximiliano Couvillier III. (*See generally* Mots.

Page 1 of 2

Recuse, ECF Nos. 585, 586, 588). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see Santos v. Annikos*, No. 3:23-cv-00281-MMD-CSD, 2024 WL 2836123, at *5 (D. Nev. May 4, 2024) ("[T]he Court agrees with Judge Denney that Santos primarily argues Judge Denney is biased against him because Judge Denney made rulings unfavorable to him. The Court therefore does not find that Judge Denney clearly erred in denying Santos' recusal motion."). Because Plaintiff's Motions are based solely on Defendant's disagreement with Magistrate Judge Couvillier's orders, the Court finds that his recusal from this case is not required.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Recusal of Judge, (ECF No. 585), Motion to Recuse Magistrate Judge Maximiliano Couvillier III, (ECF No. 586), and Motion for Recusal of Judge, (ECF No. 588), are **DENIED**.

**DATED** this _21_ day of March, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court