# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

                  Plaintiff,

vs.

ERIC TYRONE JACKSON, *et al.*

                  Defendants.

Case No.: 2:11-cr-00442-GMN-MDC

**ORDER DENYING MOTIONS TO RECUSE**

Pending before the Court are the Motion for Recusal of Judge Maximiliano Couvillier, (ECF No. 595), and the Motion for Recusal of Judge Maximiliano D. Couvillier, III, (ECF No. 603), filed by Defendant Eric Tyrone Jackson.  The Government did not file a Response.

Motions for recusal are governed by 28 U.S.C. §§ 144 and 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party. 28 U.S.C. §§ 455(a), (b)(1).  Bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Here, while Defendant raises several bases for recusal, all except two amount to Defendant's disagreement with orders issued by Magistrate Judge Couvillier. (*See generally* Mots. Recuse, ECF Nos. 595, 603).  However, "judicial rulings alone almost never constitute a

valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see Santos v. Annikos*, No. 3:23-cv-00281-MMD-CSD, 2024 WL 2836123, at *5 (D. Nev. May 4, 2024) ("[T]he Court agrees with Judge Denney that Santos primarily argues Judge Denney is biased against him because Judge Denney made rulings unfavorable to him. The Court therefore does not find that Judge Denney clearly erred in denying Santos' recusal motion.").

The Court next turns to the two bases for recusal raised by Defendant that do not amount to a disagreement with Judge Couvillier's orders. First, Defendant asserts that Judge Couvillier had impermissible ex parte communications with a forensic psychologist stationed in the Federal Correctional Complex in Butner, North Carolina. (Mot. Recusal at 7–8, ECF No. 595). However, while Judge Couvillier did receive an email from a forensic psychologist, he immediately informed the parties and issued an order stating that he "does not accept substantive ex parte communications." (*See* Minute Order, ECF No. 581). Thus, the Court finds no reason to conclude that this incident would cause a reasonable person to question Judge Couvillier's impartiality.

Second, Defendant asserts that Judge Couvillier ordered a competency evaluation in part because Defendant is Christian. (*See* Mot. Recusal at 4, ECF No. 603). Specifically, Defendant states that when he said his name in court, he gave his religious name in addition to his legal name. (*Id.*). Relying on Judge Couvillier's statement that his decision to order a competency hearing was based in part on what Defendant had said in court, Defendant argues that Judge Couvillier's order evidences a bias against Christians. (*Id.*). There is no evidence before the Court linking Judge Couvillier's order to Defendant's religion; Judge Couvillier's statement that his order was based in part on Defendant's conduct in court is far too general to bridge that gap. Accordingly, the Court also finds that this basis for recusal would not cause a reasonable person to question the impartiality of Judge Couvillier.

///

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Recusal of Judge Maximiliano Couvillier, (ECF No. 595), and the Motion for Recusal of Judge Maximiliano D. Couvillier, III, (ECF No. 603), are **DENIED**.

**DATED** this __14_ day of April, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court