**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

                        Plaintiff,

    vs.

ERIC TYRONE JACKSON, *et al.*

                        Defendants.

Case No.: 2:11-cr-00442-GMN-MDC

**ORDER DENYING MOTIONS TO DISMISS**

Pending before the Court are four Motions to Dismiss, (ECF Nos. 576, 577, 582, 590), filed by Defendant Eric Tyrone Jackson.  The Government did not file responses to any of these Motions.  Further pending before the Court are three Motions to Strike, (ECF Nos. 579, 602, 621), filed by the Government.  Defendant did not file responses.

For the reasons discussed below, the Court DENIES Defendant's Motions to Dismiss, (ECF Nos. 576, 577, 582, 590), and DENIES the Government's Motions to Strike, (ECF Nos. 579, 602, 621), as moot.

## I.    <u>BACKGROUND</u>

This case arises from a Petition for Supervised Release Violation as to Defendant Eric Tyrone Jackson ("Petition"), (ECF No. 518).  During Jackson's January 6, 2026, initial appearance on the Petition, Magistrate Judge Maximiliano D. Couvillier, III heard the Government's oral motion for a competency evaluation of Jackson. (Competency Order 1:9–10, ECF No. 539).  The same day, Judge Couvillier ordered that Jackson undergo a competency evaluation to be completed within 45 days. (*Id.* 2:10–11).

On February 6, 2026, Judge Couvillier entered an Amended Order, (ECF No. 574), ordering that Jackson shall be held in the closest Federal Bureau of Prisons ("BOP") facility

that conducts psychological evaluations "for a reasonable time, not to exceed 30 days," and that the Director of said facility shall prepare a psychological report of the Defendant within 30 days. (Amended Order 2:9–24, ECF No. 574).  However, due to bed shortages at qualifying BOP facilities, Jackson's competency evaluation was delayed; as of February 10, 2026, he had yet to be transferred. (Order Expediting Competency Eval. 2:17–19, ECF No. 575).  To remedy that delay, Judge Couvillier entered an Order requiring the Attorney General to complete Jackson's competency evaluation no later than March 10, 2026, and permitting the Attorney General to transfer Jackson to the "first available" BOP facility in any State. (*Id.* 6:20–7:3).

Jackson's competency evaluation was completed at a BOP facility in Butner, North Carolina, and the psychological report was filed on March 10, 2026. (*See* Forensic Evaluation, ECF No. 583).  Jackson's pending Motions to Dismiss take issue with both the timing of his competency evaluation and the location where it was performed. (*See generally* Mots. Dismiss, ECF Nos. 576, 577, 582, 590).

## II.    <u>DISCUSSION</u>

Jackson's four Motions to Dismiss, taken together, assert four arguments for dismissal of his Petition: (1) the delay in transferring Jackson to a qualifying BOP facility violated his due process rights; (2) his transfer to a BOP facility in Butner, North Carlonia instead of a closer facility violated his due process rights; (3) Judge Couvillier erred in his initial Competency Order by setting an incorrect timeline for Jackson's competency evaluation; and (4) Judge Couvillier erred by not setting a competency hearing. (*See generally* Mots. Dismiss). The Court addresses each argument in turn.

First, Jackson asserts that the delay in his transfer to a qualifying BOP facility to undergo a competency evaluation violated his due process rights, and thus his Petition should be dismissed. (Mot. Dismiss #1 at 2–3, ECF No. 576); (Mot. Dismiss #2 at 1–2, ECF No. 577); (Mot. Dismiss #4 at 3–4, ECF No. 590).  In support, Jackson cites 18 U.S.C. § 4247(b), which

provides that, upon ordering a competency evaluation, a court may commit a person "to be examined for a reasonable period, but not to exceed thirty days." 18 U.S.C. § 4247(b).  This is not the first time that this issue has been raised.  Indeed, Judge Couvillier addressed this very argument just one day before Jackson filed his first two Motions to Dismiss. (*See* Order Expediting Competency Eval. 3:2–5:15).  There, Judge Couvillier found that under *United States v. Donnelly*, 406 F.4th 1102 (9th Cir. 2022), Jackson's "continued pre-hospitalization detention no longer [bore] some reasonable relation to the purpose" of § 4247(b) and thus violated his due process rights. (*Id.* 4:19–21).  To rectify that violation, Jude Couvillier ordered that Jackson be transferred to the "first available" qualifying BOP facility and that his competency evaluation be completed no later than March 10, 2026. (*Id.* 5:10–11, 5:20–21).

As Judge Couvillier correctly noted, this is the kind of remedy envisioned by *Donnelly*. (*Id.* 4:24–5:4) (quoting 406 F.4th at 1109).  The Ninth Circuit there explicitly stated that "dismissal is not the appropriate remedy" for a violation of a defendant's due process rights stemming from prolonged pre-hospitalization detention. *Donnelly*, 406 F.4th at 1106.  Thus, Defendant's first argument in favor of dismissal of his Petition fails.

Second, Jackson argues that his transfer to a BOP facility in Butner, North Carolina instead of a closer facility violates his due process rights. (Mot. Dismiss #3 at 1–3); (Mot. Dismiss #4 at 6).  Jackson does not cite any legal authority in support of this argument. (*See generally id.*).  While true, as Jackson points out, that Judge Couvillier's original Competency Order required Jackson to be transferred to the "closest" qualifying BOP facility, Judge Couvillier thereafter amended that Order to provide for Jackson's transfer to the "first available" qualifying BOP facility. (Competency Order 1:22–25); (Order Expediting Competency Eval. 5:10–11).  As explained above, the purpose of that amendment was to rectify a violation of Jackson's due process rights.  Indeed, this kind of remedy was contemplated by the *Donnelly* court. 406 F.4th at 1109 (explaining that, to rectify transfer

delays, "Congress specifically authorized the Attorney General to 'contract with a State, a political subdivision, a locality, or a private agency for the confinement, hospitalization, care, or treatment of, or the provision of services to, a person committed to his custody pursuant to this chapter.'") (quoting 18 U.S.C. § 4247(i)(A)) (Watford, J., concurring). Jackson's second argument in favor of dismissal therefore fails.

Third, Jackson contends that Judge Couvillier erroneously ordered that his competency evaluation be completed within 45 days, when the correct timeline was 30 days. (Mot. Dismiss #4 at 3). It is true that Judge Couvillier's original Competency Order imposed a 45-day deadline for Jackson's competency evaluation, while his later Amended Competency Order, (ECF No. 574), imposed a 30-day deadline. (*See* Amend. Competency Order 1:21–2:7, ECF No. 574) (explaining that the court erroneously imposed a 45-day evaluation time period). However, Jackson cites no authority supporting his argument that this error justifies dismissal of his Petition. (*See* Mot. Dismiss #4 at 3). Indeed, Judge Couvillier's error was harmless; the delay in Jackson's competency hearing was caused by a bed shortage at BOP facilities, (an issue that Judge Couvillier later rectified) not by the original time period set by Judge Couvillier. Therefore, the Court concludes that Jackson's third argument in favor of dismissal fails.

Finally, Jackson argues that Judge Couvillier erred by not ordering a competency hearing. (Mot. Dismiss #4 at 2) (citing 18 U.S.C. § 4241(a)). However, upon receiving the results of Jackson's competency evaluation, Judge Couvillier promptly set a hearing to discuss the results of the competency evaluation. (Minute Order, ECF No. 587). Accordingly, the Court concludes that Jackson's fourth argument in favor of dismissal fails.

Because each of the arguments furthered by Jackson in favor of dismissing his Petition for Revocation of Supervised Release fail, the Court DENIES Jackson's four Motions to Dismiss. Further, because each of the motions targeted by the Government's Motions to Strike

have either already been stricken or are denied by this Order, the Court DENIES those Motions as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions to Dismiss, (ECF Nos. 576, 577, 582, 590), are **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motions to Strike, (ECF Nos. 579, 602, 621), are **DENIED as moot.**

**DATED** this __15__ day of May, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court